2025 IL App (3d) 240687

Opinion filed November 7, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| JAMES E. STOLTMAN JR., | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-24-0687 |
| and | ) | Circuit No. 14-D-2312 |
| | ) | |
| DARICE C. LESURE, | ) | |
| | ) | |
| Respondent, | ) | Honorable |
| | ) | James D. Orel, |
| (Sethna & Cook, PC, Appellee). | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Presiding Justice Brennan and Justice Peterson concurred in the judgment and opinion.
_____

**OPINION**

¶ 1        Sethna & Cook, PC (hereinafter S&C), formerly represented the petitioner, James E. Stoltman Jr., in divorce proceedings and filed a petition for setting final attorney fees and costs pursuant to section 508(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(c) (West 2024)). S&C alleged it entered into an oral agreement with Stoltman, who failed to pay for its services, and sought recovery based on *quantum meruit* and unjust enrichment. Stoltman filed a motion to dismiss, arguing claims brought under section 508(c) of

the Act required a written agreement. The court denied the motion and ordered arbitration, where S&C was subsequently awarded $16,511 in attorney fees. Stoltman appeals, arguing the court erred when it denied his motion to dismiss. We reverse in part and vacate in part.

¶ 2                                    I. BACKGROUND

¶ 3         On February 7, 2024, S&C filed an amended petition for setting final attorney fees and costs pursuant to section 508(c) of the Act (*id.*) against Stoltman. The petition alleged S&C entered into an oral agreement with Stoltman to represent him in his divorce proceedings and Stoltman failed to pay for its services. S&C sought to recover $16,511 based on *quantum meruit* and unjust enrichment. The petition also provided S&C affirmatively opted out of alternative dispute resolution (ADR) as allowed under the Act (see *id.* § 508(c)(4)(B)). The petition included an exhibit detailing the work completed and amounts charged. Stoltman filed a response, which included a prayer for relief asking the court to dismiss the petition with prejudice and quoting statutory language that such petitions brought under the Act required a written agreement between client and counsel (see *id.* § 508(c)(2)).

¶ 4         On July 17, 2024, the parties appeared before the court for a hearing on the petition. Attorney Darius Sethna addressed the court and stated, "After reviewing the local court rule and a little more of the statute, I believe you were correct when you stated that it should go to arbitration." The court said, "You got it," and Sethna directed Stoltman to follow him. The court did not address Stoltman. The court's written order set the matter for arbitration pursuant to section 508 of the Act.

¶ 5         On August 29, 2024, Stoltman filed a motion to dismiss, reiterating his position that S&C's petition was improperly brought under the Act because its petition was not based on a written agreement (citing *In re Marriage of Pavlovich*, 2019 IL App (1st) 180783, ¶ 35). Arbitration had not yet occurred, and the arbitrators referred the matter back to the court to rule

2

on the motion. The court held a hearing on the motion. The court noted it had not seen the motion and S&C did not file a written response. The court nonetheless proceeded, and the parties presented their arguments. Stoltman asked the court to dismiss S&C's petition because there was no written agreement and S&C waived ADR in its petition.[1] S&C argued Stoltman already filed a response to the petition, rendering his request for dismissal untimely,[2] and it was for the arbitrator to decide the matter. The court denied the motion, finding Stoltman admitted an oral agreement existed and Stoltman could present the argument contained in his motion to dismiss before the arbitrators. The court sent the matter back to arbitration.

¶ 6        On October 24, 2024, a panel of arbitrators awarded S&C $16,511 against Stoltman. Stoltman filed a notice of rejection of the award with the court and requested a trial. Following a hearing, the court stated the local rules required arbitration under the Act to be final and binding and entered judgment for S&C pursuant to the arbitration award. This appeal followed.

¶ 7                                II. ANALYSIS

¶ 8        On appeal, Stoltman argues the court erred in denying his motion to dismiss and the arbitration award should be vacated because S&C's petition was improperly brought under the Act. S&C has not filed a brief in this appeal. However, because the record is simple and the issue can easily be decided without the aid of an appellee's brief, we address the merits of this appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9        In both his initial response and subsequent motion to dismiss, Stoltman sought dismissal of S&C's petition but did not indicate the statutory basis for dismissal under the Code of Civil

---

[1]While Stoltman took issue before the circuit court with S&C affirmatively opting out of ADR in its petition and then later asking for arbitration, he does not raise this issue on appeal.

[2]We note Stoltman initially raised the issue of no written agreement in his response to S&C's petition (*supra* ¶ 3).

Procedure (735 ILCS 5/1-101 *et seq.* (West 2024)). We will consider Stoltman's request for dismissal under both sections 2-615 and 2-619(a)(9). *Id.* §§ 2-615, 619(a)(9). A section 2-615 motion challenges the legal sufficiency of a pleading by alleging it is defective on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). All well-pleaded facts are accepted as true as well as any reasonable inferences derived therefrom. *In re Estate of Powell*, 2014 IL 115997, ¶ 12. "The critical inquiry in deciding a section 2-615 motion to dismiss is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 61.

¶ 10      A motion to dismiss under section 2-619(a)(9) allows for dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2024). When presented with such a motion, the court "must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). We review the court's ruling on a motion to dismiss under either section 2-615 or 2-619 *de novo*. *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, ¶ 29.

¶ 11      The issue advanced in this appeal is whether S&C's petition was properly brought under section 508 of the Act where it was based on an oral agreement. Stoltman contends the statute only applies to written agreements. This presents an issue of statutory interpretation. The primary objective in statutory interpretation "is to give effect to the legislature's intent, which is best indicated by the plain and ordinary language of the statute itself." *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25. "The terms in a statute are not to be considered in a vacuum" and must be construed in light of the statute as a whole. (Internal quotation marks omitted.) *Corbett*

*v. County of Lake*, 2017 IL 121536, ¶ 27. Further, in considering the statute in its entirety, we must be mindful of the subject it addresses and the legislature's intent in enacting it. *Nelson v. Artley*, 2015 IL 118058, ¶ 24.

¶ 12   Section 508(c) of the Act provides a means for an attorney to obtain a judgment against his or her own client for fees and costs incurred while representing the client in proceedings under the Act. See 750 ILCS 5/508(c) (West 2024). Petitions for such relief are filed in the same proceedings but constitute a distinct cause of action. *Id.* § 508(c)(2). Among other things, the Act states that no final hearing on the petition is permitted unless (i) "the counsel and the client had entered into a *written* engagement agreement at the time the client retained the counsel (or reasonably soon thereafter)" and (ii) "the *written* engagement agreement is attached to an affidavit of counsel that is filed with the petition." (Emphases added.) *Id.* § 508(c)(2)(i), (ii). Additionally, *quantum meruit* principles apply where any award for legal services is not based on the terms of the written engagement agreement. *Id.* § 508(c)(3).

¶ 13   This issue was addressed by the First District in *Pavlovich*, 2019 IL App (1st) 180783, which we find directly on point as it is factually indistinguishable. In that case, the law firm filed a petition for attorney fees and costs under section 508 of the Act. *Id.* ¶ 3. The client objected on many grounds, including that there was no written agreement. *Id.* ¶ 6. The firm argued it was entitled to recovery under *quantum meruit* and the court was of general jurisdiction and could hear a common-law claim for *quantum meruit*. *Id.* ¶ 9. The court denied the petition, finding there was no written fee agreement. *Id.* ¶ 13.

¶ 14   The firm appealed, arguing no written agreement was required under section 508. *Id.* ¶ 18. The First District concluded the legislature's language "is abundantly clear: a written agreement between the party and the attorney is required before a party's former attorney will be

5

permitted to recover attorney fees on a petition brought under section 508." *Id.* ¶ 23. Further, while the statute provides *quantum meruit* principles apply to legal services not based on the written engagement agreement, the statute still requires a written contract and does not permit a full claim for *quantum meruit*. *Id.* ¶ 24. The court explained, "even where *quantum meruit* is sought, there still must be a written contract so that it can be determined whether the contract covers the services for which fees are sought." *Id.* ¶ 23. Therefore, because the firm brought its petition under section 508, it was subject to the statute's requirements and limitations. See *id.* ¶ 30. The court provided this conclusion was supported by the purpose of section 508, stating:

> "According to numerous courts, the purpose of section 508 permitting attorneys to collect directly from their clients is to 'promote judicial economy by eliminating the need for an attorney to bring a separate suit to collect fees from his client.' See, *e.g.*, *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 895 (1986). Clearly, in situations where there exists a written contract between the attorney and client, section 508 eliminates the need for a separate suit for fees. Because of the language chosen by the legislature, however, where a written contract does not exist, section 508 does not eliminate the need for a separate proceeding at all. Rather, an independent action for a common-law claim of *quantum meruit* is an attorney's only recourse under such circumstances." *Id.* ¶ 33.

¶ 15        We agree with the analysis in *Pavlovich* and conclude the plain and ordinary language of the statute requires a written agreement to litigate claims under section 508 of the Act (750 ILCS 5/508 (West 2024)). This conclusion is in keeping with the legislative intent to allow counsel an expeditious means to collect fees from a client. While the statute provides *quantum meruit* applies where any award for legal services is not based on the terms of the written agreement (*id.*

6

§ 508(c)(3)), this provision does not remove or otherwise negate the requirement for a written agreement. To hold otherwise would be contrary to the statute's plain language and the intent of the legislature. Accordingly, here, the court erred when it denied Stoltman's motion to dismiss and entered judgment on the arbitration award where S&C's petition was brought pursuant to section 508(c) of the Act and based on an oral agreement. We reverse the court's ruling on Stoltman's motion to dismiss and vacate the arbitration award.

¶ 16    As a final matter, we would be remiss if we failed to mention that the court allowing this claim to be litigated under the Act is no inconsequential matter. As recognized by the court, when these claims are litigated under the Act, the court's local rules require that any arbitration award be final and binding. See 18th Judicial Cir. Ct. R. 15.22.08 (July 16, 2008). For civil claims outside of the Act, such as S&C's claim against Stoltman, arbitration awards *are* subject to rejection and a request to proceed to trial. 18th Judicial Cir. Ct. R. 13.08 (Nov. 16, 1999); see Ill. S. Ct. R. 93 (eff. Oct. 1, 2021). Thus, the litigation of S&C's petition under the Act deprived Stoltman of his ability to reject the arbitration award and request to proceed to trial.

¶ 17                                        III. CONCLUSION

¶ 18    The judgment of the circuit court of Du Page County is reversed in part and vacated in part.

¶ 19    Reversed in part and vacated in part.

*In re Marriage of Stoltman*, 2025 IL App (3d) 240687

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 14-D-2312; the Hon. James D. Orel, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Stoltman Jr., of Bensenville, appellant *pro se*. |
| **Attorneys for Appellee:** | No brief filed for appellee. |